Stephen R. Smerek (SBN: 208343)
ssmerek@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615- 1700
Facsimile: (213) 615-1750

Attorneys for Defendant
MONSANTO COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS MIRZAIE, an individual EDISON MIRZAIE, an individual, ROMI MIRZAIE, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, a Delaware corporation; DOES 1-99, inclusive,<br><br>Defendants. | Case No. 2:15-cv-04361<br><br>**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**<br><br>**Complaint Filed:** April 20, 2015<br>**Complaint Served:** May 15, 2015 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1332(d), Defendant Monsanto Company ("Monsanto"), without waiving any defenses it may have, hereby removes this action to this Court from the Superior Court of the State of California for the County of Los Angeles on the grounds stated below.

# INTRODUCTION

1. On April 20, 2015, plaintiffs Elvis Mirzaie, Edison Mirzaie, and Romi Mirzaie ("Plaintiffs") commenced this putative class action as Case No. BC 578942 in the Superior Court of the State of California for the County of Los Angeles by filing a complaint (the "Complaint") captioned *Elvis Mirzaie, Edison Mirzaie, and Romi Mirzaie, individuals on behalf of themselves and all others similarly situated vs. Monsanto Company; and Does 1-99.* The Complaint is signed by Plaintiffs' attorney T. Matthew Phillips. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint (with notice of service and summons), and the docket in the state court, are attached hereto as Exhibits 1 and 2, respectively.

2. The Complaint purports to assert a single cause of action against Monsanto for violations of California Civil Code, Business and Professions Code Section 17500. *See* Exh. 1, Cmpl. at ¶ 16.[1] The Complaint seeks to certify a statewide class consisting of "all persons who purchased Roundup, or Roundup-related products, in California, at any time during the last four years," and seeks preliminary and permanent injunctions, money damages, and attorneys' fees and costs. *See* Exh. 1, Cmpl. at ¶ 7 and Prayer for Relief. Monsanto denies that it engaged in any unlawful conduct or is liable to Plaintiffs.

3. Plaintiffs are all residents of the State of California, and thus California citizens both now and at the time the Complaint was filed. *See* Exh. 1, Cmpl. at ¶ 1. Monsanto is a citizen of the State of Delaware with its principal place of business in the State of Missouri. *Id*. at ¶ 2. Monsanto is not a citizen of the State of California, and does not have its principal place of business in the State of California.

4. Monsanto hereby removes this action to this Court, pursuant to 28 U.S.C. § 1441(a), based on original jurisdiction under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. § 1332(d). Venue in this judicial division is proper

---

[1] The Complaint also sues "Does" "under fictious names." *See* Exh. 1, Cmpl. at ¶ 3. "'fictitious' John Doe defendants [may] be disregarded for the purposes of removal." *See e.g.*, *Bowen v. Home Depot and "John Doe"*, 2001 WL 920263, at *2 (E.D.N.Y. Aug. 1, 2001).

under 28 U.S.C. § 1441(a) because the action is currently pending in the county embracing this division.

## REMOVAL JURISDICTION

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) because: (a) it is a class action, (b) between a purported class of plaintiffs, a member of which is a citizen of California, and the defendant is a citizen of a different state, and (c) the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

    a. Plaintiffs filed the present civil action as a class action as that term is defined for purposes of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(1)(B).

    b. Plaintiffs are citizens of the State of California, and Monsanto is a citizen of the State of Delaware and the State of Missouri. *See* Exh. 1, Cmpl. at ¶¶ 1-2. Accordingly, there is minimal diversity of citizenship pursuant to 28 U.S.C. § 1332(d)(2)(A).

    c. Plaintiffs do not allege the amount of damages they seek, however, they are claiming damages for "all persons who purchased Roundup, or Roundup-related products, in California, at any time during the last four years." Exh. 1, Cmpl. at ¶ 7. During the four-year period prior to the filing date of April 20, 2015, Monsanto has made sales of Roundup in excess of five million dollars ($5,000,000) in the State of California. Plaintiffs also seek "a preliminary and permanent injunction prohibiting Defendant, MONSANTO, from advertising that Roundup, and/or glyphosate, targets and/or inhibits enzymes '*not found in people or pets.*'" Exh. 1, Cmpl. at Prayer for Relief (iii) (emphasis in original). Based on these allegations, the potential costs to Monsanto in complying with this proposed injunction could meet or exceed five

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

million dollars ($5,000,000). Accordingly, the amount in controversy could exceed the jurisdictional sum or value of five million dollars ($5,000,000), exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(d)(2).

6. Because this Court has original jurisdiction over the present civil action under 28 U.S.C. § 1332 as set forth above, removal is proper pursuant to 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

7. The Complaint was personally served on Monsanto's agent for service of process on May 15, 2015 (*See* Ex. 1). This Notice of Removal therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

8. Promptly after filing this Notice of Removal, Monsanto will file copies of the Notice of Removal in the Superior Court of the State of California for the County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

9. For the foregoing reasons, this case is properly and timely removed to this Court pursuant to 28 U.S.C. § 1441, and the parties should litigate this action in this Court. By removing this action, Monsanto does not waive any defenses that may exist.

Dated: June 9, 2015

WINSTON & STRAWN LLP

By: /s/ *Stephen R. Smerek*
Stephen R. Smerek

Attorneys for Defendant
MONSANTO COMPANY