O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELVIS MIRZAIE, an individual; EDISON MIRZAIE, an individual; ROMI MIRZAIE, an individual, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | Case No. CV 15-04361 DDP (FFMx) **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| Plaintiffs, | ) ) | |
| v. | ) ) | [Dkt. No. 8] |
| MONSANTO COMPANY, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 8.) Having considered the submissions of the parties, the Court grants the motion and adopts the following order.

**I. Background**

On April 20, 2015, Plaintiff filed an action in Los Angeles Superior Court alleging that Defendant violated California's False Advertising Law, Cal. Bus. & Prof. Code § 17500. (Compl., Dkt. No. 1, Ex. 1.) Defendant removed the action to this court.

Plaintiffs allege that the label on Defendant's weed killing product, Roundup, is false and misleading to consumers. (Compl., ¶¶ 20, 21, 36, 42.) Plaintiffs allege that the Roundup label, which reads, "Glyphosate targets an enzyme found in plants but not in people or pets," is false because the enzyme "EPSP synthase," though not produced by humans, is produced by bacteria ("gut bacteria") found in human and animal digestive systems. (Id. at ¶¶ 20, 35, 36, 42.)

Plaintiffs allege that because Glyphosate targets EPSP synthase, it kills both weeds and gut bacteria. (Id. at ¶ 25.) Plaintiffs allege that plants absorb Glyphosate through topical exposure, which results in a build up of Glyphosate in human tissue from consumption of crops treated with Glyphosate. (Id. at ¶¶ 26-30.) Plaintiffs allege that Glyphosate in human tissue kills the gut bacteria that regulate digestive and immune system functions.(Id. at ¶¶ 33.)

Plaintiffs allege that Plaintiffs purchased Roundup with the belief that Glyphosate targets enzymes found only in backyard weeds.[1] (Id. at ¶ 38.) Plaintiffs allege that they detrimentally relied on Defendant's claims because, although Plaintiffs were led to believe that Roundup would not affect them, it in fact kills gut bacteria that play a role in Plaintiffs' health. (Id. at ¶ 37, 39.) Finally, Plaintiffs allege that Defendant continues to sell Roundup with the alleged false and misleading label. (Id. at ¶ 40.)

**II. Legal Standard**

---

[1] Although many of the Complaint's allegations concern the use of Glyphosate in farming as a weedkiller and food ripener, Plaintiffs do not appear to allege that they grow crops or themselves used Roundup on any consumable plant.

2

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

///

**III. Discussion**

Defendants contend, as a threshold issue, that Plaintiffs' claims, which revolve around a request for injunctive relief, are preempted by the Federal Insecticide Fungicide and Rodenticide Act ("FIFRA").[2] "The Supremacy Clause of the Constitution provides that any state law conflicting with federal law is preempted by the federal law and is without effect." Nathan Kimmel, Inc. v. DowElanco, 275 F.3d 1199, 1203 (9th Cir. 2002); U.S. Const. art. VI, cl. 2. "Preemption may be either express or implied." Nathan Kimmel, 275 F.3d at 1203. Courts must look to congressional intent to determine whether state law is preempted by a federal statute. Id.

FIFRA, originally enacted in 1947, was amended in 1972 to convert it "from a labeling law into a comprehensive regulatory statute." Ruckelshaus v. Monsanto Co., 467 U.S. 986, 991 (1984). "As amended, FIFRA regulate[s] the use, as well as the sale and labeling, of pesticides; regulate[s] pesticides produced and sold in both intrastate and interstate commerce; [and] provide[s] for review, cancellation, and suspension of registration." Id. at 991-92. FIFRA addresses the authority of states to regulate pesticides as follows:

> (a) In general
>
> A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.
>
> (b) Uniformity

---

[2] California Business and Professions Code § 17500 provides only for injunctive relief, not damages, to private individuals. See Chern v. Bank of America, 15 Cal.3d 866m 875 (1976).

4

>     Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter.

7 U.S.C. § 136v.

In <u>Bates v. Dow Agrosciences LLC</u>, the Supreme Court addressed whether 7 U.S.C. § 136v preempted certain state law claims, including tort claims, fraud, breach of warranty, and violation of the Texas Deceptive Trade Practices-Consumer Protection Act. <u>Bates v. Dow Agrosciences LLC</u>, 544 U.S. 431, 435 (2005). The Court held that state law rules, whether statutory or derived from common law, is preempted if two conditions are met. "First, [the state law] must be a requirement for labeling or packaging . . . . Second, it must impose a labeling or packaging requirement that is in addition to or different from those required under [FIFRA]." <u>Id.</u> at 444 (internal quotation marks omitted). FIFRA forbids pesticide labels from bearing any statement that is "false or misleading in any particular." 7 U.S.C. §136(q)(1)(A).

There can be no dispute that Plaintiffs seek to impose a labeling requirement different or in addition to that required under FIFRA, as the Roundup label to which Plaintiffs object, and which Plaintiffs seek to alter, was approved by the Environmental Protection Agency in 2008. (Def.'s Mot. Dismiss Ex. 2 at 1,17.) The only question, therefore, is whether the injunctive relief Plaintiffs seek would constitute a requirement for labeling or packaging. The Ninth Circuit, even prior to <u>Bates</u>, answered this question in the affirmative in <u>Nathan Kimmel</u>. There, the court held that "an injunction imposed against a manufacturer to change its [EPA-approved] label would represent a state-mandated labeling requirement and would therefore be preempted." <u>Id.</u> The court

5

reasoned that the injunction would be "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting FIFRA." Id. at 1208 (quoting Freightliner Corp. v. Myrick, 514 U.S. 280, 287 (1995)). As further explained in Bates, "the term 'requirements' in § 136v(b) [FIFRA] reaches beyond positive enactments, such as statutes and regulations, to embrace common-law duties." Bates, 544 U.S. at 443. Here, because the injunction Plaintiffs seek under Section 17500 would require Defendant to alter its label, Plaintiffs' request falls squarely within the definition of "requirements." Accordingly, Plaintiffs claims are preempted by FIFRA.[3]

**IV. Conclusion**

For the reasons stated above, Defendant's Motion is GRANTED. The Complaint is DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: January 12, 2016

DEAN D. PREGERSON
United States District Judge

---

[3] The court notes that Plaintiffs' Opposition does not cite to, let alone make any argument regarding, Bates, Nathan Kimmel, or any other case authority.

6